### FIFTH AVE. BANK *v.* PARKER.

*(Superior Court of New York City, General Term.* May 4, 1891.)

SALE OF PROMISSORY NOTE—BONA FIDE PURCHASERS.

    A bank discounted a note for indorsers thereof, without notice of any infirmity in their claim against the maker, paying the face value, less interest. *Held,* that the bank might recover on the note against the maker, as a *bona fide* purchaser, although it took the note without examination as to the maker's responsibility, and

discounted it only five days before its maturity for parties having no account in the bank, and, at the indorsers' request, omitted to sue them, and brought suit against the maker alone.

Appeal from jury term.

Action by the Fifth Avenue Bank of New York against Samuel W. Parker. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury.

Argued before SEDGWICK, C. J., and MCADAM, J.

*T. M. Tyng,* for appellant.  *Charles Donohue,* for respondent.

PER CURIAM. The action was against the defendant as maker of a promissory note. The payee, after indorsing the note, had transferred it to the plaintiff. The only question upon the trial was, and upon the appeal is, whether the plaintiff was incontrovertibly shown to have been a *bona fide* purchaser of the note. The defendant's counsel did not claim that the jury should pass upon the credibility of the witnesses who testified to the circumstances of the discounting of the note. These circumstances did not disclose any notice to the plaintiff of any infirmity in the claim of the indorsers against the defendant. The plaintiff gave the face value of the note, less interest to the day of maturity. Some particular facts on which appellant relies will be noticed. It is said that plaintiff did not pay money on the faith of the note. The facts are to the contrary. Although the plaintiff's president was content to take the note, without examination of the defendant's responsibility as maker, it was not an admissible inference that he did not intend to rely, and did not rely, upon the defendant's liability upon the note. It was certain that there was no purpose of excluding anything that might be, in any contingency, security. It is further agreed that the note was not taken in the usual course of business. This argument is based in part upon the fact that the note was discounted five days before its maturity. This cannot be an unusual instance; for when a note is to be discounted will depend upon the desire of the holder to obtain money for it. That desire may arise at the last part as well as at the first part of the running of the paper. The discounter would see nothing suspicious in the fact that the holder had not wanted money until the time he applied. But, in accordance with the fact, it is said that it was not usual for the bank "to discount a note five days before maturity, for a party that has not got any account in the bank." There is no inference from this that when a person not a depositor applied for a discount it would be out of the course of business to discount because such applications were not frequent. After the discounting of the note, the plaintiff, at the request of the indorsers, omitted to sue them, but brought this suit against the maker. It is supposed that this would permit a jury to infer in some way that the plaintiff had discounted the note with notice that the indorsers had no action upon it against the defendant. If, as it has already been said, the plaintiff obtained title, it would not have been of any benefit to the defendant that he should have been sued jointly with the indorsers. The result in such an action would have been the same as the result in this action, namely, a judgment against the defendant. The fact that the indorsers were not sued indicated a friendly feeling towards them. This may have existed at the time of the discount. The indulgence of such a feeling would not prevent the plaintiff gaining a good title free from defenses, provided otherwise there was good faith and an absence of notice of defenses. The judgment should be affirmed, with costs.